UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

JOHN DOE,

      Plaintiff,

v.

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS,

      Defendants.

Case No. 19-2054

# ORDER

This case is before the Court on Plaintiff's Motion to Proceed Under Pseudonyms (#2). Defendant, the Board of Trustees of the University of Illinois ("Defendant") has not filed a response. Therefore, the Court presumes that Defendant does not oppose the Motion. L.R. 7.1(B)(2). For the reasons discussed below, Plaintiff's Motion to Proceed Under Pseudonyms (#2) is GRANTED.

**I.    Background**

On March 6, 2019, Plaintiff filed his Complaint (#1) alleging violations of his procedural due process rights. Plaintiff's Complaint is thirty-one (31) pages long and contains a detailed factual account of Plaintiff's claims against Defendant.

According to the Complaint, on June 4, 2018, Plaintiff received notice that he was the subject of a sexual assault charge. At this time, Plaintiff had already completed his coursework at the University of Illinois as a graduate student and had participated in the University's graduation ceremony.

On June 19, 2018, Plaintiff met with investigators for an interview. The investigators then issued and submitted a final report to a hearing panel on September 27, 2018. Plaintiff alleges that he did not have the opportunity to review the final report, nor was he advised as to the location or time of the hearing.

According to the Complaint, the hearing panel, based on the final report alone, determined that Plaintiff had gone to the apartment of a female acquaintance ("Jane Roe") on October 6, 2017. The hearing panel found that Plaintiff consumed alcohol with Roe and then had sexual contact with her three times while she was incapacitated and not able to provide consent, in violation of the University of Illinois Student Code 1-1302.b.1.

Following this finding, Plaintiff alleges that he was dismissed from the University and advised that he would not be given his graduate degree. Plaintiff was permitted to petition the University for reinstatement for the Spring 2020 semester.

Plaintiff appealed this finding on October 4, 2018. According to the Complaint, on October 25, 2018, the Senate Committee on Student Discipline found that the original hearing process was not in conformity with prescribed university procedures. Thus, the Committee remanded the matter back for a new panel review.

On November 12, 2018, the new panel reviewed the case and determined that Jane Roe was incapacitated during Roe and Plaintiff's third sexual encounter and was not able to provide consent. Again, Plaintiff was dismissed from the University and told that he would be able to petition for reinstatement for the Spring 2020 semester.

Plaintiff appealed the second decision on November 20, 2018. On December 10, 2018, the Senate Committee on Student Discipline upheld the second decision. Plaintiff then filed this Complaint on March 6, 2019.

On the same day, Plaintiff filed the instant Motion to Proceed Under Pseudonyms (#2). In his Motion, Plaintiff argues that he should be allowed to proceed under the pseudonym John Doe to prevent unnecessary disclosure of his identity to protect his reputation and privacy. Plaintiff makes the same arguments regarding the identity of Jane Roe. Defendant did not file an objection, and the Court therefore presumes that it does not object to Plaintiff proceeding as John Doe and to his identifying the female involved as Jane Roe. L.R. 7.1(B)(2).

## II.     Legal Standard

"[T]he privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Id.* These exceptional circumstances must "outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016).

"Rule 10(a) of the Federal Rules of Civil Procedure, in providing that the complaint shall give the names of all the parties to the suit . . . instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Blue Cross*, 112 F.3d at 872. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.*

"There are exceptions. Records or parts of records are sometimes sealed for good reasons, including the protection of state secrets, trade secrets, and informers; and fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Id.* It is soundly within the discretion of the trial judge as to whether a party will be allowed to proceed anonymously. *See Vill. of Deerfield*, 819 F.3d at 376.

III.   **Analysis**

Plaintiff seeks to proceed anonymously to protect his privacy and reputation (as well as the privacy and reputation of Jane Roe). The Seventh Circuit, as noted, disfavors proceeding under a pseudonym outside of a few narrow exceptions. *See e.g. Coe v. Cook County*, 162 F.3d 491 (7th Cir. 1998) (prohibiting a plaintiff from proceeding under a pseudonym to avoid embarrassment from the immoral conduct of impregnating a woman to whom he was not married); *Doe v. City of Chicago*, 360 F.3d 667 (7th Cir. 2004) (stating that sexual harassment cases are not brought anonymously without an allegation that the plaintiff was a minor or a victim of rape or torture).

In *Doe v. Purdue University*, 2017 U.S. Dist. LEXIS 82782 (N.D. Ind. 2017), the Northern District of Indiana identified several factors to consider in determining whether a plaintiff should be allowed to proceed anonymously. The test used by the *Purdue University* court originates from the Second Circuit Court of Appeals. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-190 (2d Cir. 2008).

As *Purdue University* acknowledges, the Seventh Circuit has not adopted a specific test or factors to consider in this circumstance. *Purdue University*, 2017 U.S. Dist. LEXIS at *3-4.  Regardless, several other district courts, applying the Second Circuit's *Sealed Plaintiff* factors, have allowed litigants to proceed anonymously when alleging claims against colleges and universities stemming from investigations of sexual assault. *See, e.g., Doe v. Univ. of Massachusetts-Amherst*, 2015 U.S. Dist. LEXIS 91995 (D. Mass. 2015) (parties proceeding as John and Jane Doe after plaintiff was charged with Code of Conduct violation following sexual assault allegations); *John Doe v. Columbia Univ. and Trs. of Columbia Univ.*, 101 F. Supp. 3d 356 (S.D.N.Y. 2015) (same); *Doe v. Washington & Lee Univ.*, 2015 U.S. Dist. LEXIS 102426 (W.D. Va. 2015) (plaintiff allowed to proceed as John Doe after he was expelled over allegations that he engaged in nonconsensual sexual intercourse with a fellow student identified as Jane Doe); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015) (same); *Doe v. Univ. of S. Fla. Bd. of Trs.*, 2015 U.S. Dist. LEXIS 69804 (M.D. Fla. 2015) (parties identified as John Doe and Jane Doe after the plaintiff was charged with code of conduct violations relating to alleged nonconsensual sexual activity); *Doe v. Univ. of the S.*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009) (affirming magistrate judge's ruling that the plaintiff should be allowed to proceed against the university anonymously given highly personal and sensitive nature of the issues); *Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787 (N.D. N.Y. 2016) (allowing the plaintiff to proceed anonymously after he was suspended from a university following allegations that he sexually assaulted three students while he was enrolled at the college).

The ten factors articulated in *Sealed Plaintiff* include:

1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory

4

> physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. (internal citations and quotations omitted).

*Sealed Plaintiff*, 537 F.3d at 189. As the Second Circuit noted, although this list is not exhaustive, it provides guidance for the Court to balance the plaintiff's interest in anonymity against the public interest in disclosure.

After considering the *Sealed Plaintiff* factors and reviewing similar cases, the Court finds that Plaintiff may proceed under a pseudonym. Looking to the first factor, this case involves highly sensitive personal information regarding the sexual activity of both Plaintiff and another possible victim. It specifically involves Jane Roe's allegations of sexual misconduct against John Doe and the details of the University's findings. *See Purdue Univ.*, 2017 U.S. Dist. LEXIS, at *5-6.

Under factors two and three, "this case touches on issues that have been the subject of increasing public attention and controversy: how colleges and universities address allegations of sexual assault on campus." *Columbia Univ.*, 101 F. Supp. 3d at 360. Therefore, both Plaintiff and Jane Roe risk additional harm from the potential increased attention and public nature of cases involving campus sexual assault.

Looking at factor four, other courts have held that college students are particularly vulnerable to the possible harms of disclosure due to their age. *See Univ. of*

5

*Mass. - Amherst*, 2015 U.S. Dist. LEXIS 91995 (parties consented to allow plaintiff to proceed anonymously given the highly personal and sensitive nature of the issues and the age of the parties involved). Both Plaintiff and Jane Roe were college students at the time of the alleged occurrence.

As to factor five, Plaintiff is challenging government activity because the University of Illinois is a state university and Plaintiff has brought claims under 42 U.S.C. § 1983 for due process violations under color of state law. *See Purdue Univ.*, 2017 U.S. Dist. LEXIS, at *5.

Turning to the sixth factor, it does not appear that Defendant will suffer any prejudice by allowing Plaintiff (and Jane Roe) to proceed anonymously. It is likely that Defendant already knows the actual identities of John Doe and Jane Roe and, if it does not, Plaintiff is ordered to file a copy of the Complaint, under seal, containing the true name of John Doe and Jane Roe within twenty-one days of the entry of this order.

Factor seven, as far as the Court can tell, also favors Plaintiff. Plaintiff's name and the allegations against him seem to have remained confidential outside of the University's internal proceedings that Plaintiff now challenges.

Factor ten also supports Plaintiff as there is no less restrictive way to protect Plaintiff and Jane Roe's privacy interests.

Factor eight, on the other hand, is the only consideration that supports disclosure of Plaintiff's identity. *Blue Cross*, 112 F.3d at 872. As the Seventh Circuit has repeatedly noted, "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Blue Cross*, 112 F.3d at 872.

In short, Plaintiff's request to proceed anonymously is supported by 8 of the 9 *Sealed Plaintiff* factors.[1] While this alone is not conclusive, the Court finds that the Plaintiff's interest in anonymity outweighs the public's strong interest in disclosure. This case is an exception to the general rule that parties must be identified pursuant to Rule 10. If Plaintiff was indeed wrongly accused and was refused due process as he

---

[1] The ninth factor seems inapplicable to this case.

alleges, he should be allowed to proceed as a "particularly vulnerable" party. *Blue Cross*, 112 F.3d at 872. While the Court generally disfavors the use of fictitious names, Plaintiff has demonstrated that exceptional circumstances justify such a departure from the normal method of proceeding in federal courts. *Id.*

Even with this finding, the Court is mindful of the public's interest in this type of case and will closely scrutinize requests to seal other parts of the docket. The Court will not seal the entire case. The public will be able to learn the details of the Complaint about the University's challenged procedure and how the Court ultimately decides the case. For purposes of this motion, though, there simply seems to be little additional benefit to disclosing the identities of John Doe and Jane Roe to the public.

### IV. Conclusion

For the reasons stated above, Plaintiff's Motion to Proceed Under Pseudonyms (#2) is GRANTED. Plaintiff may proceed in this action under the fictitious name John Doe and may refer to the alleged female victim as Jane Roe. Defendant is also directed to refer to Plaintiff as "John Doe" and to the female as "Jane Roe." Plaintiff is directed to file a copy of the Complaint containing the parties' true names, under seal, within 21 days of the entry of this Order.

ENTERED this 26th day of April, 2019.

                                                s/ERIC I. LONG
                                      UNITED STATES MAGISTRATE JUDGE